# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| ALAN MORALES ARMENTA,<br>Fed. Reg. No. 14176-280, | § § § | |
| Petitioner, | § § | |
| v. | § § | EP-10-CV-287-KC<br>EP-08-CR-1810-KC |
| UNITED STATES OF AMERICA, | § § | |
| Respondent. | § § | |

## **ORDER**

On this day, the Court considered Petitioner Alan Morales Armenta's ("Armenta") pro se "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody" ("Motion"), ECF No. 95.[1]  For the reasons set forth herein, the Motion is **DENIED**.

## I.   BACKGROUND

On June 5, 2008, a federal grand jury sitting in the Western District of Texas returned a one count Indictment, charging Armenta with Attempted Illegal Reentry in violation of 18 U.S.C. § 1326(a).  Indictment 1, ECF No. 8.  Thereafter, on February 4, 2009, the grand jury returned a Superseding Indictment charging Armenta with one count of Attempted Illegal Reentry in violation of 18 U.S.C. § 1326(a), one count of False Claim of Citizenship in violation of 18 U.S.C. § 911, and three counts of Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1).  Supersed. Indictment 1-3, ECF No. 43.

---

[1]   All docket references are to EP-08-CR-1810-KC.

On March 9, 2009, after a jury trial, Armenta was found guilty on all counts. Jury Verdict, ECF No. 63. On June 9, 2009, the Court sentenced Armenta to ten months of imprisonment as to each of Counts One and Two to be served concurrently, and twenty-four months as to each of Counts Three, Four, and Five to be served concurrently. J. in a Criminal Case 2, ECF No. 74. The Court ordered the sentence imposed for Counts Three, Four, and Five to run consecutively to the sentence for Counts One and Two. *Id.* Armenta was further sentenced to one year of supervised release for each of the five counts to be served concurrently, and ordered to pay the United States a special assessment of $500. *Id.* at 3.

On June 11, 2009, Armenta filed his Notice of Appeal with the United States Court of Appeals for the Fifth Circuit. Notice of Appeal, ECF No. 77. On appeal, Armenta challenged his conviction and sentence on Count Five of the Superseding Indictment, one of the aggravated identity theft charges. *See United States v. Armenta*, 373 F. App'x 445, 445-46 (5th Cir. 2010). Specifically, Armenta argued that the government did not present sufficient evidence showing that he knowingly possessed the Social Security card at issue, a requirement of the crime charged. *Id.* at 446. The Fifth Circuit disagreed, finding evidence sufficient to support the verdict that Armenta "knowingly possessed the name and Social Security number on the Social Security card at issue[,]" and affirmed the judgment of this Court. *Id.*

On August 4, 2010, Armenta filed the instant Motion, and, on September 9, 2010, the government filed its Response.

## II. DISCUSSION

### A. Standards

#### 1. 28 U.S.C. § 2255

After a defendant has been convicted and has exhausted or waived any right to appeal, a court is normally "entitled to presume that the defendant stands fairly and finally convicted." *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001) (citing *United States v. Frady*, 456 U.S. 152, 164 (1982)). Accordingly, "[r]elief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (quoting *United States v. Segler*, 37 F.3d 1131, 1133 (5th Cir. 1994)). Typically, before a court will grant relief pursuant to § 2255, the movant must establish: "(1) his sentence was imposed in violation of the Constitution or laws of the United States, (2) the sentencing court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, or (4) the sentence is otherwise subject to collateral attack." *United States v. Seyfert*, 67 F.3d 544, 546 (5th Cir. 1995) (citations omitted).

Moreover, a collateral challenge to a conviction or sentence should not serve as a substitute for a direct appeal. *Frady*, 456 U.S. at 165; *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991). When raising issues of jurisdictional or constitutional magnitude for the first time in a motion seeking collateral relief, a movant must either: (1) demonstrate "cause" for not raising the issue on direct appeal and "actual prejudice" resulting from the error, or (2) show that he is "actually innocent" of the crime for which he was convicted. *United States v. Torres*, 163 F.3d 909, 911 (5th Cir. 1999). The cause and actual prejudice standard is "significantly more

3

rigorous than even the plain error standard . . . applied on direct appeal." *Gaudet*, 81 F.3d at 589. If the movant does not meet either burden, then he is procedurally barred from attacking his conviction or sentence. *United States v. Drobny*, 955 F.2d 990, 994-95 (5th Cir. 1992). This procedural bar does not apply, however, to claims alleging ineffective assistance of counsel. *See Massaro v. United States*, 538 U.S. 500, 508 (2003).

### 2. Ineffective assistance of counsel

The United States Constitution's Sixth Amendment guarantees an accused the right to the assistance of counsel for his defense in all criminal prosecutions. U.S. Const. amend. VI. Moreover, "the right to counsel is the right to the effective assistance of counsel." *McMann v. Richardson*, 397 U.S. 759, 771 n.14 (1970). "[I]neffective assistance claims are ordinarily brought for the first time on collateral review because of the difficulty of compiling an adequate record by the time of direct appeal." *Gaudet*, 81 F.3d at 589 n.5. To merit relief on an ineffective assistance of counsel claim, a movant must demonstrate both (1) that his "counsel's performance was deficient[,]" and (2) that "the deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994) (summarizing the *Strickland* standard of review). A failure to establish either prong of this test requires a court to find that counsel's performance was constitutionally effective. *See Strickland*, 466 U.S. at 687 ("Unless a defendant makes both showings, it cannot be said that the conviction or . . . sentence resulted from a breakdown in the adversary process that renders the result unreliable."); *Carter v. Johnson*, 131 F.3d 452, 463 (5th Cir. 1997) ("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim."); *Armstead v. Scott*, 37 F.3d 202, 210 (5th Cir. 1994) ("A court need not

address both components of the inquiry if the defendant makes an insufficient showing on one.").

The test's performance prong centers on whether counsel's assistance was reasonable, considering all the circumstances at the time of counsel's conduct. *See Strickland*, 466 U.S. at 688 ("The proper measure of attorney performance remains simply reasonableness under prevailing professional norms."). In order to obtain relief, a movant must establish "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. In assessing whether a particular counsel's performance was constitutionally deficient, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)). A deficiency in counsel's performance, even if professionally unreasonable, does not equal ineffective assistance of counsel; the movant must also demonstrate actual prejudice. *See id.* at 691-92 ("The purpose of the Sixth Amendment guarantee of counsel is to ensure that a defendant has the assistance necessary to justify reliance on the outcome of the proceeding. Accordingly, any deficiencies in counsel's performance must be prejudicial to the defense in order to constitute ineffective assistance under the Constitution."). The test's prejudice prong requires the movant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

A court reviews pro se pleadings under a less stringent standard than those drafted by attorneys, and such pleadings are entitled to a liberal construction that includes all reasonable inferences which can be drawn from them. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). At the same time, however, parties proceeding pro se are still required to provide sufficient facts in support of their claims. *United States v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993). Even under the rule of liberal construction, "mere conclusory allegations on a critical issue are insufficient . . . ." *Id.* (citing *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989)).

With these principles in mind, the Court turns to the merits of Armenta's claims.

### B. Analysis

In his Motion, Armenta argues that his counsel provided him ineffective assistance based on five different grounds: 1) his lawyer failed to call him as a witness to testify at trial; 2) his lawyer failed to subpoena certain witnesses to testify on his behalf; 3) his lawyer failed to object to the Pre-Sentence Investigation Report; 4) his lawyer failed to challenge the statutory requirement of one of the crimes charged – that Armenta knowingly used the identification of another person; 5) his lawyer failed to object to certain of the government's exhibits which were admitted at trial. Mot. 6-11. The Court addresses each contention in turn.

#### 1. Failure to call Armenta as witness at trial

Armenta states that he himself decided not to take the witness stand on his own behalf; however, he claims that he made this decision under duress because of threats by his counsel that he would face a longer sentence if he chose to testify and was convicted. *Id.* at 9. The government responds that Armenta has not provided any evidence other than his conclusory statements that counsel would not allow him to testify or that his counsel intimidated him. Resp. 5.

6

The right to testify is a fundamental right that is personal to the defendant; therefore, only the defendant can waive that right, voluntarily and knowingly. *Bower v. Quarterman*, 497 F.3d 459, 473 (5th Cir. 2007) (citing *Rock v. Arkansas*, 483 U.S. 44, 50, 52 (1997); *Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997)). "[W]hen the record is simply that the defendant knew of his right to testify and wanted to do so but counsel was opposed, [and] defendant acquiesced in his lawyer's advice[,] . . . the only inquiry is whether that advice was sound trial strategy." *United States v. Mullins*, 315 F.3d 449, 453-54 (5th Cir. 2002). The Fifth Circuit has repeatedly held there is "a strong presumption that counsel's decision not to place [a defendant] on the stand was sound trial strategy." *Sayre v. Anderson*, 238 F.3d 631, 635 (5th Cir. 2001) (citing *Strickland*, 466 U.S. at 689-90). Further, when examining that strategy the Court is mindful that "the decision whether to put a Defendant on the stand is a 'judgment call' which should not easily be condemned with the benefit of hindsight." *Mullins*, 315 F.3d at 453 (citing *Robison v. Johnson*, 151 F.3d 256, 262 (5th Cir. 1998)) (finding that counsel's recommendation that the defendant not testify was reasonable trial strategy); *Willis*, 273 F.3d at 598. Even a defendant who asserts that his attorney actually prevented him from testifying must still satisfy the two pronged requirement of *Strickland*. *Bower*, 497 F.3d at 473 (quoting *United States v. Harris*, 408 F.3d 186, 192 (5th Cir. 2005)).

In this case, Armenta was aware of his right to testify and claims that he desired to do so until his attorney advised him otherwise. Indeed, Armenta states in the Motion that he told his attorney he wished to testify, that he was led to believe that he would testify, and that he was induced by his attorney not to testify and proceeded to waive that right. Mot. 9. There is no allegation, or evidence, that the attorney prevented him from testifying or refused to honor the

7

request. Rather, at the close of the government's case, Armenta unequivocally stated to the Court on the record that he did not wish to testify:

> [DEFENSE COUNSEL]: Your Honor, I have explained to my client that he has the right to testify if he so wishes. And he also has the right to remain silent if he so wishes. My client has just informed me that he wishes to remain silent and not testify.
> Is that correct, sir?
>
> [PETITONER]: Yes.
>
> THE COURT: All right.
>
> [DEFENSE COUNSEL]: Thank you.

Gov't Resp. Ex. E Trial Tr. 66-67 March 9, 2009, ECF No. 100-5

And, his own attorney submitted an affidavit in which he states that he prepared Armenta to testify, that he advised Armenta that it was his choice to testify, and that Armenta stated on the record that he did not wish to testify. Resp. Ex. D. 1-2 ("Aff. of Kenneth del Valle") September 7, 2010, ECF No. 100-4.[2]

Because Armenta was aware of his right to testify on his own behalf, and chose not to do so based upon his attorney's statements to him, the only question for this Court is whether counsel's advice was sound trial strategy. *See Mullins*, 315 F.3d at 453-54. There exists the strong presumption that this was sound trial strategy. *See Sayre*, 238 F.3d at 635. Armenta has

---

[2] Mr. Armenta's attorney stated in his affidavit:

> I did prepare Mr. Morales to testify at trial. Mr. Morales had, on several occasions, stated that he wanted to testify at trial and so I took the time to explain to him the difference between direct and cross examination. . . . I procured a nice sport coat for him and a white shirt and tie that he wore during the trial, all in preparation for his testimony. . . . By the end of the Government's case Mr. Morales did not want to testify. As is my custom, I advised him that the choice was his. Mr. Morales, wisely, chose not to testify. I believe that is in the record. At the end of the Government's case I asked Mr. Morales if he wanted to testify and he said no – on the record.

Gov't Resp. Ex. D at 1-2, ECF No. 100-4.

8

made no specific argument and presented no evidence indicating that there was anything unsound about his attorney's advice and strategy and he does not explain what he would have testified to. Because there is a strong presumption that Armenta's lawyer's advice was sound trial strategy, and because Armenta has not demonstrated, or even alleged, otherwise, this basis for Armenta's ineffective assistance claim fails. *See Strickland*, 466 U.S. at 694.

Even had Armenta's counsel actually prevented Armenta from testifying, the ineffective assistance claim would still fail. In that case, Armenta would still be required to satisfy the second prong of the *Strickland* test, showing a reasonable probability that the factfinder would have found reasonable doubt as to his guilt, and that the errors were so serious as to deprive him of a fair trial whose result is reliable. *See Mullins*, 315 F.3d at 452, 456. Armenta has failed to demonstrate as much.

Armenta nowhere explains the nature of the prejudice suffered, or that he even suffered any prejudice from the lack of his testimony at trial. He does not explain what he would have testified to were he to have taken the witness stand, nor does he make any showing that the trial was not fair or that its result was unreliable. The Fifth Circuit has held that "mere conclusory allegations on a critical issue" are insufficient to support § 2255 relief. *United States v. Woods*, 870 F.2d 285, 288 (5th Cir. 1989); *United States v. Stracener*, 959 F.2d 31, 33 (5th Cir. 1992); (citing *Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983)). Armenta's conclusory assertion that he wanted to testify but was not allowed to do so lacks probative evidentiary value. Furthermore, such conclusory assertions do not entitle him to an evidentiary hearing. *See United States v. Demik*, 489 F.3d 644, 646-47 (5th Cir. 2007). Any claim on this point is without merit.

   **2.    Failure to subpoena witnesses to testify**

Armenta next contends that his counsel was ineffective because he failed to call Patricia McReynolds, Eddie Garcia, and Kevin McCarthy to testify on his behalf. Mot. 10-11.

Complaints of uncalled witnesses are disfavored in this circuit. *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009) (citing *Bray v. Quarterman*, 265 F. App'x 296, 298 (5th Cir. 2008)). In order to succeed on a claim of ineffective assistance of counsel for failure to call a witness, "the petitioner must name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have been favorable to a particular defense. *Id.* (citing *Bray*, 265 F. App'x at 298).

Here, Armenta has named three witnesses but has not shown that any were available to testify and would have done so, nor has he set out their proposed testimony and how this would have been favorable to his defense. Specifically, regarding the possible testimony of Patricia McReynolds, Armenta's counsel has stated that he could not find her to interview her or to subpoena her for trial. *See* Aff. of Kenneth Del Valle 2. And Armenta does not argue otherwise. However, assuming Ms. McReynolds were available to testify and would have done so, Armenta has not set out the content of her possible testimony and how it would have been favorable to his case. Armenta does assert that Ms. McReynolds was present when he obtained a passport, but he does not explain how this testimony would be relevant or helpful. *See* Mot. 10. Considering the fact that Armenta was not charged in the Superseding Indictment with false use of a passport in violation of 18 U.S.C. § 1544, the import of Ms. McReynolds's testimony is not self-evident. Rather, Armenta was charged with Attempted Illegal Reentry in violation of 18 U.S.C. § 1326(a), False Claim of Citizenship in violation of 18 U.S.C. § 911, and Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1). *See* Supersed. Indictment 1. The relevance of

Ms. McReynold's knowledge to refute these charges is not self-evident and Armenta's failure to explain how this testimony would be favorable to him renders this challenge inadequate. *See Day*, 566 F.3d at 538.

With regard to proposed witness Eddie Garcia, Armenta claims that, as Armenta's landlord, Mr. Garcia could have testified that Armenta was working for Labor Finder Service three months prior to his arrest and that "the element of attempted reentry did not apply." Mot. 10-11. Again, Armenta has not demonstrated that Mr. Garcia was available or willing to testify, as he must in order to succeed on this challenge. Furthermore, Armenta does not explain how Mr. Garcia's testimony about Armenta's employment undermines the identity theft charges on which Armenta was convicted. For proposed witness Kevin McCarthy, Armenta provides no information about his availability to testify, that he would have done so, the nature of his proposed testimony and how this would have been favorable to a defense. Accordingly, both of these claims are insufficient. *See Day*, 566 F.3d at 538.

### 3. Failure to object to Pre-Sentence Investigation Report

Armenta next challenges his attorney's alleged failure to object to the Pre-Sentence Investigation Report ("PSR"). Mot. 5. The record does not support Armenta's claims. In fact, the record demonstrates that counsel did submit three pages of objections to the PSR. *See* Gov't Resp. Ex. F ("Objections to PSR"), ECF No. 100-6; *Id.* Ex. G, at 3-4 ("Sentencing Tr. May 28, 2009."), ECF No. 100-7. Moreover, counsel orally objected to the PSR at the sentencing. *See* Sentencing Tr. May 28, 2009, at 4-6. Armenta has not alleged any particular inaccuracies in the PSR and has offered no evidence to support this general contention of a failure to object. Given these unspecified claims of deficient performance of counsel that are plainly contradicted by the record, Armenta has failed to demonstrate prejudice, an element necessary to an assertion of

ineffective assistance, and the claim fails. *See Strickland*, 466 U.S. at 687; *Carter*, 131 F.3d at 463.

### 4. Failure to challenge that Armenta knowingly used identification of another person

Armenta next claims that his counsel was ineffective because the government's evidence does not prove that Armenta knowingly used identification that belonged to another person and because his counsel did not challenge the government to produce such evidence. Mot. 6-8. In a collateral attack of a federal conviction, a defendant may not raise grounds previously raised and disposed of on direct appeal. *United States v. Rocha*, 109 F.3d 225, 229 (5th Cir. 1997); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986) ("It is settled in this circuit that issues raised and disposed of in a previous appeal from an original judgment of conviction are not considered in § 2255 Motions."). Armenta raised this issue on direct appeal, and the Fifth Circuit rejected the argument. *See Armenta*, 373 F. App'x at 445-46. The Fifth Circuit held that to convict Armenta of aggravated identity theft, the government had to prove that Armenta "(1) knowingly [transferred, possessed, or] used (2) the means of identification of another person (3) without lawful authority (4) during and in relation to" certain felony violations, including attempted illegal reentry and false claims of citizenship. *Id.* at 445 (citing *United States v. Stephens*, 571 F.3d 401, 404-05 (5th Cir. 2009); 18 U.S.C. § 1028A(a)(1), (c)(2), (10)) (alteration in original). "Viewing the evidence in the light most favorable to the verdict," the Fifth Circuit found that "a rational trier of fact could have determined that the Government established all the elements of the offense. *Id.* at 446. Because this issue was ruled upon on direct appeal, it is barred from collateral review. *See Rocha*, 109 F.3d at 229.

### 5. Failure to object to government's exhibits

Armenta next argues that his lawyer provided ineffective assistance because he failed to object to the admissibility of any of the government's exhibits. Mot. 11. However, Armenta does not point to any grounds for an objection to have been lodged and does not assert how the lack of objections prejudiced him. "An attorney's failure to raise a meritless argument thus cannot form the basis of a successful ineffective assistance of counsel claim because the result of the proceeding would not have been different had the attorney raised the issue." *United States v. Kimler*, 167 F.3d 889, 893 (5th Cir. 1999) (citing *Williams v. Collins*, 16 F.3d 626, 634-35 (5th Cir. 1994); *United States v. Victoria*, 876 F.2d 1009, 1012 (1st Cir. 1989) (Breyer, J.)). Moreover, the movant in a motion to vacate must demonstrate actual prejudice and "establish that the attorneys' errors were so deficient as to render the verdict fundamentally unfair or unreliable." *Carter*, 131 F.3d at 463.

Armenta only states "Counsel failed to challenge or object to the admission of any government evidentiary [sic] exhibit." Mot. 11. He does not state how this lack of objection prejudiced him, or even that it actually did. Armenta does not show that any error was so deficient "to render the verdict fundamentally unfair or unreliable." *See Carter*, 131 F.3d at 463. Importantly, however, Armenta's counsel did lodge objections during trial. *See* Gov't Resp. Ex. E ("Tr. of Jury Trial March 9, 2009") at vol. II 19-20, 62-64. Counsel also filed written objections to the PSR and objected to the PSR at sentencing. *See* Objections to PSR; Sentencing Tr. May 28, 2009, at 4-8. Armenta's claim rings hollow in consideration of what actually transpired at trial and at sentencing. Armenta has not shown how the outcome would have been different had his attorney raised more objections; therefore, the claim fails. *See Kimler*, 167 F.3d at 893.

III. **Certificate of Appealability**

After considering the entire record and Armenta's pleadings, the Court concludes that jurists of reason would not debate whether he has stated a valid claim for relief or whether a procedural ruling in this case is correct. Accordingly, the Court declines to issue a Certificate of Appealability regarding these claims.

## IV.	CONCLUSION

For the reasons set forth herein, Petitioner Alan Morales Armenta's "Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody," ECF No. 95, is **DENIED.** Petitioner is also **DENIED** a **CERTIFICATE OF APPEALABILITY**.

**SO ORDERED**.

**SIGNED** on this 24th day of May, 2011.

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE